Filed 5/31/13  P. v. Morgan CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TODD SHELDON MORGAN,<br><br>    Defendant and Appellant. | H038394<br>(Monterey County<br> Super. Ct. No. SS091860) |

## I.  INTRODUCTION

After a jury trial, defendant Todd Sheldon Morgan was found guilty of committing assault with a deadly weapon by a life prisoner with malice aforethought (Pen. Code, § 4500)[1] on a victim 70 years of age or older (§ 12022.7, subd. (c)).  He admitted the allegations that he had six prior violent or serious felony convictions that also qualified as strikes within the meaning of the Three Strikes law (§ 1170.12, subd. (c)(2)).  The trial court imposed a sentence of 27 years to life plus a consecutive three-year term.

Defendant filed a timely notice of appeal, and we appointed counsel to represent him in this court.  Appointed counsel filed an opening brief that stated the case and facts but raised no issue.  We notified defendant of his right to submit written argument on his

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

own behalf within 30 days.  The 30-day period elapsed without any response from defendant.

In our original opinion filed on March 21, 2013, we reviewed the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106.  Following the California Supreme Court's direction in *People v. Kelly*, *supra*, at page 110, we provided "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed."  We concluded that there were no arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)  We also corrected an unauthorized sentence by ordering the abstract of judgment modified to state that the consecutive term pursuant to section 12022.7, subdivision (c) is five years, not three years as imposed by the trial court.

We subsequently granted defendant's petition for rehearing in our order filed on April 10, 2013, for the sole purpose of considering his contention that the original opinion erroneously corrected an unauthorized sentence without requesting further briefing from the parties.  We asked the parties to submit supplemental briefing addressing the issue of whether "the appropriate remedy in light of the unauthorized sentence is to remand the matter for resentencing."  Upon further consideration, we have determined that the appropriate remedy is to remand the matter for a new sentencing hearing.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  *Factual Background*

Our summary of the facts is taken from the testimony given at the jury trial.  In April 2009, defendant was incarcerated at Salinas Valley State Prison where he was serving a life sentence.  An incident involving defendant occurred at approximately 2:00 p.m. on April 12, 2009.

At that time, correctional officer Curtis L. Befort was monitoring the prison exercise yard from his position in the "gun booth." He saw three inmates, including defendant, leaning against a table in the yard. One of the three inmates stood up and ran towards the basketball courts. Befort then saw defendant turn and attack the third inmate, Dennis Miller. Defendant was making striking motions towards Miller's head and torso with his left hand while Miller tried to cover and protect himself. On his institutional radio, Befort announced that a fight was occurring. He also told the other prisoners in the yard to lie down.

Two other correctional officers, Carlos Martinez and Eric M. Schmidt, were in the yard. After hearing on the institutional radio that a fight was occurring near the table, Martinez and Schmidt looked over and saw that defendant was on top of inmate Miller and making stabbing motions with an object in his right hand. Miller was curling his legs up in a fetal position on the table while trying to protect his head. Martinez yelled at defendant and Miller to stop, but defendant looked at him while continuing to make stabbing motions towards Miller. When Martinez was about 20 yards away, he saw defendant drop an object and then lie flat on the ground. Miller was on the table with blood dripping from gashes on his face, upper torso, and hands.

Martinez then handcuffed defendant and, after putting on latex gloves, took possession of the bloody object that defendant had dropped. Martinez wrapped the object in a latex glove and put it in his pocket before placing it in an evidence bag in the evidence locker. He later determined that the object was an inmate-manufactured weapon, made of a piece of wood approximately nine and one-half inches long and three and one-half inches wide, sharpened to a point on one end with cloth wrapped around the other end to form a handle.

Miller was treated at Santa Clara Valley Medical Center by John Sherck, M.D., a trauma surgeon. Dr. Sherck determined that Miller, who was born in 1934, was seriously injured. His injuries included skin avulsions; puncture wounds to his hands; multiple

lacerations on his face; cuts to his ears and back; and stab wounds to the neck, shoulder and chest. The stab wound to the chest broke one of Miller's ribs and punctured his lung. In Dr. Sherck's opinion, Miller's injuries were very significant and would have caused his death without medical intervention.

### B. *Procedural Background*

An amended complaint was filed on September 25, 2009, that charged defendant with committing assault with a deadly weapon by a life prisoner with malice aforethought (§ 4500; count 1) on victim Dennis Miller. The complaint specially alleged that defendant had personally inflicted great bodily injury on a victim 70 years of age or older who was not an accomplice to the offense. (§ 12022.7, subd. (c).) The special allegations also stated that defendant had six prior violent or serious felony convictions that qualified as strikes within the meaning of the Three Strikes law (§ 1170.12, subd. (c)(2)), including five prior convictions for burglary in the first degree (§§ 459, 460.1) in 1987 and 1988 and one prior conviction for robbery in the second degree (§§ 211, 212.5, subd. (c)) in 2001.

At the conclusion of the preliminary hearing held on September 25, 2009, defendant was held to answer on count 1, including the special allegation that defendant had inflicted great bodily injury on a victim 70 years of age or older. A third amended information was filed on February 9, 2011, that included a second count for assault with a deadly weapon (§ 245, subd. (a)(1); count 2) with the special allegation that defendant had personally inflicted great bodily injury on a victim 70 years of age or older who was not an accomplice to the offense (§ 12022.7, subd. (c)).

In April 2011, defendant filed a motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 in which defendant requested that the court dismiss his prior strike convictions in the interest of justice. The trial court denied the motion after a hearing held on April 13, 2011.

4

The matter proceeded to a jury trial on April 16, 2012. On the same day, defendant admitted the allegations that he had six prior violent or serious felony convictions that also qualified as strikes within the meaning of the Three Strikes law (§ 1170.12, subd. (c)(2)). On April 18, 2012, the parties stipulated that the victim had died and the jurors would be instructed not to speculate about his death or consider it any way.

On April 19, 2012, the trial court heard and granted the prosecution's request to amend count 2 to allege the lesser included charge of a violation of section 4501 (assault with a deadly weapon by a prisoner) instead of a violation of section 245, subdivision (a)(1). Defendant's request that the jury be instructed on the lesser included offense of "simple assault" was denied.

The jurors returned their verdict on count 1 on April 19, 2012, finding defendant guilty of committing assault with a deadly weapon by a life prisoner with malice aforethought (§ 4500) and also finding that in the commission of the offense defendant personally inflicted great bodily injury on a victim 70 years of age or older within the meaning of section 12022.7 subdivision (c).

During the sentencing hearing held on May 30, 2012, the trial court imposed a sentence of 27 years to life pursuant to section 1170.12, subdivision (c)(2)(A), plus a consecutive term of three years pursuant to section 12022.7, subdivision (c).

The trial court ordered defendant to pay a $3,000 restitution fine (§ 1202.4, subd. (b)) and suspended the imposition of a $3,000 parole revocation restitution fine (§ 1202.45). The court also ordered payment of a court operations assessment fee of $40 (§ 1465.8, subd. (a)(1)) and a court facilities assessment fee of $30 (Gov. Code, § 70373). Additionally, defendant was ordered to pay an unspecified amount of victim restitution to the family of the victim for all out-of-pocket and economic losses. The court reserved jurisdiction over the amount of the losses, which were to be collected and determined by the Department of Corrections and Rehabilitation.

5

The abstract of judgment was filed on June 20, 2012 and an amended abstract of judgment was filed on October 19, 2012.

**C.** *Appeal*

Defendant filed a timely notice of appeal on May 30, 2012. Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

### 1. Unauthorized Sentence

We observe, however, that the trial court imposed a consecutive term of *three years* pursuant to section 12022.7, subdivision (c), although section 12022.7, subdivision (c) provides: "Any person who personally inflicts great bodily injury on a person who is 70 years of age or older, other than an accomplice, in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for *five years*." (Italics added.)

The record indicates that the probation officer recommended in her report that the trial court impose an additional consecutive five-year term due to the jury's finding that in the commission of the offense defendant personally inflicted great bodily injury on a victim 70 years of age or older within the meaning of section 12022.7 subdivision (c). The People filed a sentencing memorandum recommending that the trial court impose an additional three-year term pursuant to section "12022.7."

We determine that the imposition of an additional consecutive term of three years was unauthorized. "[S]ection 12022.7 imposes mandatory sentence enhancements for crimes which resulted in the infliction of great bodily injury." (*People v. Beltran* (2000) 82 Cal.App.4th 693, 696, fn. omitted; accord, *People v. Johnson* (1980) 104 Cal.App.3d 598, 611.) Accordingly, in this case an additional consecutive five-year sentence enhancement is mandatory under section 12022.7, subdivision (c) because the jury found that defendant had inflicted great bodily injury on a person 70 years of age or older in the commission of a felony or attempted felony. (See *People v. Scott* (1994) 9 Cal.4th 331,

6

354 [a sentence is generally unauthorized "where it could not lawfully be imposed under any circumstance in the particular case"].)

## 2. Appropriate Remedy

"[I]t is well established that the appellate court can correct a legal error resulting in an unauthorized sentence . . . at any time. [Citation.]" (*People v. Sanders* (2012) 55 Cal.4th 731, 743.) However, we granted defendant's petition for rehearing and requested supplemental briefing in order to consider defendant's contention that the matter should be remanded to the trial court for resentencing and whether remand is the appropriate remedy to correct the unauthorized sentence in this case.

In their supplemental briefing, the parties agree that the imposition of an additional three-year consecutive term was unauthorized under section 12022.7, subdivision (c). They disagree, however, as to the appropriate remedy. Defendant contends that since the record is silent as to why the trial court imposed the three-year term, the appropriate remedy is to remand the matter for resentencing "so the sentencing court can make clear if it was engaged in an act of leniency or instead made a mistake." The People, on the other hand, argue that "nothing in the record or section 1385 permits remand" and request that the judgment be affirmed.

We determine that remand is the appropriate remedy in light of the rules governing a trial court's power to strike an enhancement. "[A] court has discretion under section 1385, subdivision (c), to dismiss or strike an enhancement, or to 'strike the additional punishment for that enhancement in the furtherance of justice' . . . 'absent a clear legislative direction to the contrary. . . .' [Citations.]" (*People v. Meloney* (2003) 30 Cal.4th 1145, 1155, fn. omitted (*Meloney*).) Further, " '[g]eneral mandatory language, such as "shall," . . . is insufficient to support a finding of Legislative intent to divest trial courts of discretion under . . . section 1385 to strike enhancements.' " (*Ibid.*, fn. omitted.) The trial court therefore has the discretion under section 1385, subdivision (c) to either strike the section 12022.7, subdivision (c) enhancement or impose the additional

7

consecutive sentence of five years mandated by section 12022.7, subdivision (c), where, as here, the victim was 70 years of age or older.

We will therefore remand the matter to the trial court for a new sentencing hearing at which the court may either impose or strike the five-year enhancement under section 12022.7, subdivision (c). (See *Meloney*, *supra*, 30 Cal.4th at p. 1155.) We will also direct that any order striking the enhancement set forth the court's reasons in compliance with section 1385, subdivision (a). In so ruling, we express no opinion as to the trial court's exercise of its discretion.

### III. DISPOSITION

The judgment is reversed, and the matter is remanded for a new sentencing hearing at which the court may either impose or strike the additional consecutive five-year term pursuant to section 12022.7, subdivision (c). Any order striking the additional consecutive term shall set forth the court's reasons in compliance with section 1385, subdivision (a). The clerk of the superior court is directed to prepare an amended abstract of judgment and to forward it to the Department of Corrections and Rehabilitation.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:



_____
ELIA, ACTING P.J.



_____
MÁRQUEZ, J.

9